**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 96-4814

GREG HATCHER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-12)

Submitted: June 19, 1997

Decided: July 3, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Cipriani, CIPRIANI & PAULL, L.C., Wheeling, West Vir-
ginia, for Appellant. William D. Wilmoth, United States Attorney,
Thomas O. Mucklow, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Greg Hatcher pled guilty to distributing crack cocaine within 1000 feet of a school, 21 U.S.C.A. §§ 841, 860 (West 1981 & Supp. 1997). He appeals his 262-month sentence, contending that the district court clearly erred in awarding him a 2-level aggravated role adjustment under USSG § 3B1.1(c),[1] and in determining that he distributed 170 grams of crack, USSG § 2D1.2. We review both factual questions under the clearly erroneous standard. See <u>United States v. McDonald</u>, 61 F.3d 248, 255 (4th Cir. 1995) (drug amount is factual question); <u>United States v. Harriott</u>, 976 F.2d 198, 202 (4th Cir. 1992) (defendant's role in offense is factual question). Finding no clear error, we affirm.

At Hatcher's sentencing hearing, a detective assigned to the area drug task force testified that confidential informants bought 1.03 grams of crack from Hatcher in two controlled buys and that, when he was arrested, Hatcher possessed a handgun which he said he obtained in a trade for two $50 pieces of crack. The detective also related information received from informants who had bought crack from Hatcher on numerous occasions. The detective explained why he regarded each informant as a reliable source of information and how he estimated that Hatcher sold them a total of 169.186 grams of crack. Hatcher testified in his own behalf. He admitted selling crack to most of the informants, but in smaller amounts.[2] With this information before it, the district court did not clearly err in finding that the government's hearsay evidence was reliable and that the government had

_____

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

[2] In his written statement to the probation officer, Hatcher maintained that much of what he sold was either "pressed powder" or Procaine which he falsely represented to be crack.

shown, by a preponderance of the evidence, that Hatcher distributed 170 grams of crack.

The court also found that Hatcher was a manager or supervisor in an offense which involved fewer than five participants and was not otherwise extensive, USSG § 3B1.1(c), on the basis of the detective's testimony that Hatcher used several people as runners to facilitate his drug sales, and that Deon Lewis functioned as his bodyguard. Hatcher denied having a bodyguard and said that he utilized runners who worked in a certain area for any drug dealers who were present, but had no special relationship with any of them. He denied that any of the informants sold crack for him. We find that, because a number of reliable informants described Deon Lewis as Hatcher's bodyguard, the district court did not clearly err in finding that the adjustment was warranted for that reason alone.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3